UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALBINA RAEVA,

Petitioner,

v.

ALEJANDRO MAYORKAS, et al.,

Respondents.

Case No.:  25-cv-03175-JO-KSC

**ORDER GRANTING THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

For the reasons stated on the record, the Court GRANTS the amended petition for writ of habeas corpus.  [Dkt. 11]  The Court ORDERS as follows:

1. Respondents, within seven (7) days of this order, SHALL provide Petitioner with an individualized bond hearing before a neutral immigration judge where the Government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that cannot reasonably be addressed by bond or conditional release.  *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).  Respondents SHALL NOT deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b) requires

1

mandatory detention.  If continued detention is not warranted, the immigration judge must consider Petitioner's financial circumstances and alternatives to bond in setting conditions of release.  *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

2. Respondents SHALL file a declaration attesting to the occurrence of the bond hearing by the close of the next business day after the bond hearing.  If no hearing occurs within seven (7) days of this order, Petitioner SHALL be released from Respondents' custody by noon on the eighth (8) day following this order.

In aid of the Court's jurisdiction to enforce its injunctions under the All Writs Act ("AWA"), 28 U.S.C. § 1651, if Petitioner is released either by the immigration judge or because no bond hearing occurred within seven (7) days of this order, the Court further ORDERS as follows:

1. Respondents SHALL NOT re-detain Petitioner during the pendency of her removal proceedings (until a final order of removal is issued) on the basis that 8 U.S.C. § 1225(b) requires or authorizes mandatory detention without an individualized bond hearing.

2. Respondents SHALL NOT re-detain Petitioner during the pendency of her removal proceedings (until a final order of removal is issued) on the basis that such a re-detention would "restart the clock" and nullify this Court's finding that detention of an unconstitutionally prolonged duration has already occurred.

3. Respondents SHALL file advance notice on this docket if they seek to re-detain Petitioner, explaining the grounds on which Respondents believe Petitioner should be re-detained. *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) (recognizing that the AWA empowers federal courts to impose affirmative obligations on parties or third parties where "necessary or appropriate to effectuate and prevent the frustration of orders it has previously

issued in its exercise of jurisdiction otherwise obtained").  Once that notice has been docketed, Petitioner SHALL NOT be detained for a period of at least 48 hours from the time of that docketing.

**IT IS SO ORDERED**.

Dated:  November 24, 2025

_____

Honorable Jinsook Ohta
United States District Judge

25-cv-03175-JO-KSC